

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 27, 1962

Honorable Joe D. Carter
Chairman, Texas Water
  Commission
Austin, Texas

Opinion No. WW-1367

Re: Whether the Texas Water
Commission is required
to pay the costs of pub-
lication of notice of
hearing.

Dear Mr. Carter:

    We quote the following from your letter requesting an opinion:

> "On March 20, 1962, a petition was received for the creation of a water control and improvement district under Article 7880-3. The petition was accompanied by a $25.00 filing fee as required by Article 7532 and a $250.00 deposit as required by Article 7880-21. The Commission entered an order on April 10, 1962, setting the petition for hearing on June 5, 1962 and in accordance with usual procedure, a copy of the notice of hearing was forwarded to the petitioners so that they could have the notice published as required by State law. Heretofore, the proposed district has borne the expense of publication; however, the petitioners in this instance have forwarded the notice of publication statement to the Commission for payment.

> "It is the petitioners' contention that the State should pay the cost of publication of the notice of hearing in the creation of the water control and improvement district out of the $250.00 deposit. Under the 1929 amendment of Article 7880-21 the State was 'to pay all costs which may be incurred in such proceedings' out of the $250.00 deposit and return the unused balance to the petitioners. Since the 1929 amendment required the State to use this deposit to pay the costs incurred in the creation, the petitioners contend that the phrase 'for the use of the State as provided for other fees collected under this act' in the 1961 amendment of Article 7880-21 actually did not change the meaning of the 1929 amendment. . . ."

You propound the following questions:

"(1) Is the Texas Water Commission required to pay costs of publication of notice of hearing or is this an expense to be borne by the petitioners?

"(2) If the expense of publication is to be paid by the Texas Water Commission, should it be paid out of the $250.00 deposit made under Article 7880-21?"

The cost of publication is not included in Article 7532, V.C.S., since it provides that the filing fee of $25.00 is "for the benefit of the State."

Prior to the amendment of 1961, Article 7880-21, V.C.S., required a deposit of $250.00 "to pay all costs which may be incurred in such proceeding" and provided that after the payment of such costs any unexpended balance should be repaid to petitioners.

By the amendment of 1961 (Acts, 57th Leg., Chap. 460, Sec. 1, P. 1040), Article 7880-21 was amended and the pertinent part reads as follows:

". . . A petition to be filed with said Board must be accompanied by a deposit of Two Hundred and Fifty ($250.00) Dollars for the use of the state, as provided for other fees collected under this Act; no part of which shall be returned, except as hereinafter provided. The deposit shall be deposited in the hands of the State Treasurer to be held in trust outside the State Treasury until the Board does either grant or refuse such petition, at which time the Board shall direct the State Treasurer to transfer said deposit into the General Revenue Fund; provided, if at any time prior to the hearing, as hereinafter provided, the petitioners desire to withdraw said petition, then and only in that event, the Board shall direct the refund of said deposit to petitioners, or their attorney of record, whose receipt therefor shall be sufficient. . . ."

We see that under the 1961 amendment instead of providing that the deposit of $250.00 is to be used to pay all costs as previously provided, it is now to be used for the <u>use of the State</u> and it is specifically provided that no part of same shall be returned unless prior to the hearing the petition is withdrawn. The amendment also provides that the amount of said deposit shall be deposited in the

hands of the State Treasurer in trust until the Board either grants or refuses the petition. This provision is for the purpose of keeping the money out of the State Treasury until it is seen whether the petition will be withdrawn in order that it may be returned if the petition is withdrawn before the hearing. If it should be placed in the Treasury it could not be withdrawn except by an appropriation of the Legislature. (Article 8, Sec. 6 of the Texas Constitution)

It is noticed that there is no provision made for the use of the money except for two purposes: (1) return it if the petition is withdrawn prior to the hearing or (2) deposit it in the State Treasury if the Board grants or refuses the petition.

Since the Act makes no provision for the payment of the costs of publication of the notice and makes only the two provisions as set out above for disposition of the deposit, it naturally follows that it cannot be used to pay the costs of publication. Therefore, in answer to your first question you are advised that the Texas Water Commission is not required to pay the costs of publication of a notice of hearing and that this is a cost to be borne by the petitioners. This makes an answer to your second question unnecessary.

### S U M M A R Y

The Texas Water Commission is not required to pay costs of publication of a notice of hearing of a petition to create a water control and improvement district created under Article 7880-3, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC:dsd

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Frank Booth
Charles Lind
Woodrow Curtis
Robert Lewis
REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore